# Exhibit A

Notice of Removal of Subpoenas

**SUBPOENA**

# Superior Court of the District of Columbia
## CIVIL DIVISION

Check One:

☒ **Civil Actions Branch**
500 Indiana Ave., N.W.
Room 5000
Washington, D.C. 20001
Telephone: (202) 879-1133

☐ **Landlord & Tenant Branch**
510 4th Street, N.W.
Room 110
Washington, D.C. 20001
Telephone: (202) 879-4879

☐ **Small Claims & Conciliation Branch**
510 4th Street, N.W.
Room 120
Washington, D.C. 20001
Telephone: (202) 879-1120

AO AIFA - BANK
_____
Plaintiff

v.

JOHN DOE, et al.
_____
THOMAS "KIRK" McCONNELL          Defendant
C/O U.S. SENATE COMMITTEE ON ARMED SERVICES
RUSSELL SENATE OFFICE BUILDING, ROOM 228
To: WASHINGTON, DC 20510-6050

**SUBPOENA FOR A CIVIL CASE**
PURSUANT TO UNIFORM INTERSTATE DEPOSITION AND
DISCOVERY ACT     ORIGINATING STATE = FLORIDA
                  ORIGINATING COURT = PALM BEACH COUNTY
CASE NUMBER:     ORIGINATING CASE = 2020-CA-006304

**2021-02459**

☐ Check box if medical records are being requested

☐ **YOU ARE COMMANDED** to appear in this Court at the place, date, and time specified below to testify in the above case.

| COURTROOM AND ADDRESS | DATE | TIME |
|---|---|---|
|  |  |  |

☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE | TIME |
|---|---|---|
| Deposition by ZOOM/WEBEX VIDEO CONFERENCING | AUGUST 24, 2021 | 9:30 A.M. |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition must designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which each person will testify. Super. Ct. Civ. R. 30(b)(6).

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below *(list documents or objects)*:

| DOCUMENTS OR OBJECTS |  |  |
|---|---|---|
|  |  |  |
| PLACE OF PRODUCTION | DATE | TIME |
|  |  |  |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date, and time specified below.

| PREMISES | DATE | TIME |
|---|---|---|
|  |  |  |

| ISSUING PERSON'S SIGNATURE AND TITLE (indicate if attorney for plaintiff or defendant) | DATE |
|---|---|
| Deputy Clerk  a. marsh   Adrienne Marsh  Deputy Clerk | 7/19/2021 |

ISSUING PERSON'S NAME, ADDRESS AND PHONE NUMBER
Superior Court of the District of Columbia
Civil Division
500 Indiana Avenue, N.W.
Room 5000
Washington, D.C. 20001

202 879-1133

Authorization as required by D.C. Code §14-307 and Brown v. U.S., 567 A.2d 426 (D.C. 1989), is hereby given for issuance of a subpoena for medical records concerning a person who has not consented to disclosure of the records and has not waived the privilege related to such records.

_____
JUDGE

(See Super. Ct. Civ. R. 45 (c) and (d) on the reverse side)
WHITE - FOR RETURN OF SERVICE     YELLOW - FOR SERVICE

CV-433A [Rev. June 2017]                                            Super. Ct. Civ. R. 45

Case Number:_____   Court Date: _____

## PROOF OF SERVICE

| Served | Date | Time | Place |
|---|---|---|---|
| | | | |

| Served on (Print Name) | Title |
|---|---|
| | |

MANNER OF SERVICE (attach the return receipt if service was made by registered or certified mail) I served the subpoena by delivering a copy to the named person as follows:

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the District of Columbia that I am at least 18 years of age and not a party to the above entitled case and that the foregoing information contained in the Proof of Service is true and correct.

Executed on  _____       _____
                        Date                                                              Signature of Server

                                                                                _____
                                                                                Address of Server

**Super. Ct. Civ. R. 45(c) and (d):**
**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.**
(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents, electronically stored information, or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court must quash or modify a subpoena that:
(i) fails to allow reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 25 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place to the place of trial;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 25 miles to attend trial.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation materials must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

Filing # 128808879 E-Filed 06/15/2021 04:11:09 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

FILED
CIVIL ACTIONS BRANCH
JUL 19 2021
Superior Court
of the District of Columbia
Washington, D.C.

**AO ALFA-BANK**

*Plaintiff,*

v.

**JOHN DOE** *et al.*

*Defendants.*

CASE NO.: 50-2020-CA-006304-XXXX-MB

CIVIL DIVISION (AK)

### PLAINTIFF'S NOTICE OF TAKING VIDEOTAPED DEPOSITION OF THOMAS K. MCCONNELL

Notice is hereby given that, pursuant to Fl. R. Civ. P. 1.310, plaintiff AO Alfa-Bank, by and through its undersigned counsel, will take the videotaped deposition of non-party Thomas K. McConnell on oral examination before a court reporter, notary public or other person authorized to administer oaths via Zoom videoconference on August 24, 2021 at 9:30 a.m. EDT, or at such other location and on such other date as are mutually agreed to by the parties, and at any adjournments thereof until completed. During said deposition, Plaintiff will ask Mr. McConnell to discuss the following topics:

- Non-privileged information concerning the circumstances surrounding Mr. McConnell's initial awareness of the source of computer data, including DNS lookups, that allegedly connected Alfa Bank to the Trump Organization (collectively, the "DNS data");

- Non-privileged information concerning the identity of the individual or individuals, including intermediaries, who transmitted the DNS data to Daniel Jones (collectively, the "source") in 2016 or 2017;

- Non-privileged information concerning the DNS data and other documents relating to the DNS data that Mr. McConnell obtained from the source and/or directed to Mr. Jones;

*** FILED: PALM BEACH COUNTY, FL  JOSEPH ABRUZZO, CLERK. 06/15/2021 04:11:09 PM ***

- Non-privileged information concerning communications Mr. McConnell exchanged with Mr. Jones relating to the DNS data, including Mr. McConnell's involvement in any analysis conducted by Mr. Jones;

- Non-privileged information concerning whether Mr. McConnell distributed or facilitated the distribution of the DNS data or documents relating to the DNS data provided by the source to individuals or entities outside Congress, and if so, to whom; and

- Information related to documents produced by Mr. McConnell to Alfa Bank.

The videotaped deposition will be conducted by Henderson Legal Services, whose office is located at 1560 Wilson Blvd #750, Arlington, VA 22209. It will be simultaneously recorded by stenographic means. The court reporter will be performing notarial acts via Zoom videoconferencing technology. Please contact the noticing attorney or court reporter at least two (2) calendar days prior to the deposition if you have not received the necessary credentials, videoconferencing links and call-in numbers. Testing and support, if necessary, can be provided to you prior to the proceedings. The undersigned intends to record the videoconference and use the video as permitted by Fl. R. Civ. P. 1.310 and Fla. Admin. Order No. AOSC20-23. The oral examination will continue from day-to-day until completed and is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the rules of the Court. All counsel of record are invited to attend.

Dated: June 15, 2021

Respectfully submitted,

*/s/ Terrance Anderson, Jr.*
Terrance Anderson, Jr. (Bar No. 27426)
NELSON MULLINS RILEY & SCARBOROUGH LLP
Lynn Financial Center
1905 NW Corporate Blvd., Ste. 310
Boca Raton, FL 33431
(561) 218-8862
tw.anderson@nelsonmullins.com

Jonathan Etra (Bar No. 686905)
NELSON MULLINS RILEY & SCARBOROUGH LLP
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
(305) 373-9447
jonathan.etra@nelsonmullins.com

Margaret E. Krawiec (admitted *pro hac vice*)
Michael A. McIntosh (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Ave. NW
Washington, DC 20005
(202) 371-7000
margaret.krawiec@skadden.com
michael.mcintosh@skadden.com

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June, 2021, I electronically filed the foregoing document with the Clerk of Court using the Florida Courts E-Filing Portal. I also certify that the foregoing document will be served on the Defendants together with the initial process in this action.

/s/ *Terrance Anderson, Jr.*
Terrance Anderson, Jr.

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT

IN AND FOR PALM BEACH COUNTY, FLORIDA

| | |
|---|---|
| AO ALFA-BANK<br><br>*Plaintiff,*<br><br>v.<br><br>JOHN DOE *et al.*<br><br>*Defendants.* | CASE NO.: 50-2020-CA-006304-XXXX-MB<br><br>CIVIL DIVISION (AK) |

## SUBPOENA FOR REMOTE VIDEO CONFERENCE AND VIDEOTAPED DEPOSITION

TO:  **Thomas "Kirk" McConnell**
c/o U.S. Senate Committee on Armed Services
Russell Senate Office Building, Room 228
Washington, D.C. 20510-6050

You are commanded, pursuant to Fl. R. Civ. P. 1.310, by plaintiff AO Alfa-Bank, by and through its undersigned counsel, to attend a videotaped deposition on oral examination before a court reporter, notary public or other person authorized to administer oaths, on August 24, 2021 at 9:30 a.m. EDT, via videoconference with Zoom videoconferencing technology, to be used as authorized by Fla. Admin. Order No. AOSC20-23, or on such other date as is mutually agreed to by the parties, and at any adjournments thereof until completed. During said deposition, Plaintiff will ask Mr. McConnell to discuss the following topics:

- Non-privileged information concerning the circumstances surrounding Mr. McConnell's initial awareness of the source of computer data, including DNS lookups, that allegedly connected Alfa Bank to the Trump Organization (collectively the "DNS data");

5

- Non-privileged information concerning the identity of the individual or individuals, including intermediaries, who transmitted the DNS data to Mr. Jones (collectively, the "source") in 2016 or 2017;

- Non-privileged information concerning the DNS data and other documents relating to the DNS data that Mr. McConnell obtained from the source and/or directed to Mr. Jones;

- Non-privileged information concerning communications Mr. McConnell exchanged with Mr. Jones relating to the DNS data, including Mr. McConnell's involvement in any analysis conducted by Mr. Jones;

- Non-privileged information concerning whether Mr. McConnell distributed or facilitated the distribution of the DNS data or documents relating to the DNS data provided by the source to individuals or entities outside Congress, and if so, to whom; and

- Information related to documents produced by Mr. McConnell to Alfa Bank.

The videotaped deposition will be conducted by Henderson Legal Services, whose office is located at 1560 Wilson Blvd #750, Arlington, VA 22209. It will be simultaneously recorded by stenographic means. The court reporter will be performing notarial acts via Zoom videoconferencing technology. Please contact the noticing attorney or court reporter at least two (2) calendar days prior to the deposition if you have not received the necessary credentials, videoconferencing links and call-in numbers. Testing and support, if necessary, can be provided to you prior to the proceedings. The undersigned intends to record the videoconference and use the video as permitted by Fl. R. Civ. P. 1.310 and Fla. Admin. Order No. AOSC20-23. The oral examination will continue from day-to-day until completed and is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the rules of the Court. All counsel of record are invited to attend.

Dated: June 15, 2021

Respectfully submitted,

/s/ *Terrance Anderson, Jr.*
Terrance Anderson, Jr. (Bar No. 27426)
NELSON MULLINS RILEY & SCARBOROUGH LLP
Lynn Financial Center
1905 NW Corporate Blvd., Ste. 310
Boca Raton, FL 33431
(561) 218-8862
tw.anderson@nelsonmullins.com

Jonathan Etra (Bar No. 686905)
NELSON MULLINS RILEY & SCARBOROUGH LLP
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
(305) 373-9447
jonathan.etra@nelsonmullins.com

Margaret E. Krawiec (admitted *pro hac vice*)
Michael A. McIntosh (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Ave. NW
Washington, DC 20005
(202) 371-7000
margaret.krawiec@skadden.com
michael.mcintosh@skadden.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June, 2021, I electronically filed the foregoing document with the Clerk of Court using the Florida Courts E-Filing Portal. I also certify that the foregoing document will be served on the Defendants together with the initial process in this action.

/s/ Terrance Anderson, Jr.
Terrance Anderson, Jr.

8

STATE OF FLORIDA - PALM BEACH COUNTY
I hereby certify that the foregoing is a true copy of the record in my office with redactions, if any as required by law.
THIS 28th DAY OF June, 2021
JOSEPH ABRUZZO
CLERK OF THE CIRCUIT COURT & COMPTROLLER
By: Deputy Clerk